UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>NANOTECH ENGINEERING, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 19-3633 (ABJ) |

**MEMORANDUM OPINION & ORDER GRANTING
MOTION FOR DEFAULT JUDGMENT AS TO NANOTECH
<u>ENGINEERING, INC., NANOTECH FINANCE, LLC, & 3 DRAGONS, LLC</u>**

Pending before the Court is plaintiff United States Security and Exchange Commission's motion for default judgment against defendant Nanotech Engineering, Inc. ("Nanotech") and relief defendants Nanotech Finance, LLC ("Nanotech Finance") & 3 Dragons, LLC ("3 Dragons"). Mot. for Default J. as to Def. Nanotech Eng'g, Inc. & Relief Defs. Nanotech Fin., LLC & 3 Dragons, LLC [Dkt. # 105] ("Mot.").

**I. Legal Standard**

Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered, a court may enter a default judgment order pursuant to Rule 55(b). *See* Fed. R. Civ. P. 55(b). Although there is a general "federal policy favoring trial over default judgment," *Whelan v. Abell*, 48 F.3d 1247, 1258 (D.C. Cir. 1995), "when the adversary process has been halted because of an essentially unresponsive party . . . , the diligent

1

party must be protected" by awarding a default judgment. *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 965 (D.C. Cir. 2016) (omission in original), quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curium).

"The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008), citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Upon entry of default by the Clerk of the Court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002).

"Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.*, citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* (citation omitted). "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (citation omitted). The court may also conduct a hearing to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). Finally, the movant is "entitled to all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

**II.      Procedural History**

Plaintiff's complaint and summons were served on Nanotech on December 6, 2019, on Nanotech Finance on December 9, 2019, and on 3 Dragons on December 7, 2019. *See* Returns of Service [Dkt. ## 8, 11, 13]. On October 6, 2020, an amended complaint was filed. Am. Compl. [Dkt. # 47]. On September 27 and 28, 2021, the Clerk of the Court declared that Nanotech,

Nanotech Finance, and 3 Dragons are in default for failure to plead or otherwise defend this action. *See* Clerk's Entries of Default [Dkt. ## 54, 55, 58]. On August 23, 2022, plaintiff moved for default judgment, an order of injunction against Nanotech, and an order for disgorgement against Nanotech, Nanotech Finance, and 3 Dragons. *See* Mot.

### III.    Order

Upon consideration of the motion, the memorandum in support of the motion, the amended complaint, and the record before the Court, and because the defendant and relief defendants have failed to respond to the motion, **IT IS ORDERED** that plaintiff's motion for default judgment against Nanotech, Nanotech Finance, and 3 Dragons is hereby **GRANTED**.

Further, plaintiff's motion for an injunction against Nanotech is hereby **GRANTED**.

**IT IS ORDERED** that Nanotech and its agents, servants, employees, attorneys, and all persons in active concern or participation with it who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:

(a) Nanotech's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Nanotech or with anyone described in (a).

**IT IS FURTHER ORDERED** that Nanotech and its agents, servants, employees, attorneys, and all persons in active concern or participation with it who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities and Exchange Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

- (a) to employ any device, scheme, or artifice to defraud;
- (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
- (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Nanotech's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Nanotech or with anyone described in (a).

With respect to the matter of disgorgement, the request for disgorgement of ill-gotten gains and prejudgment interest, in an amount to be determined, is **GRANTED**.

**IT IS ORDERED** that Nanotech shall pay disgorgement of ill-gotten gains in the amount of $9,679,495 and prejudgment interest, in an amount to be determined, and that Nanotech is jointly and severally liable for this amount with any other disgorgement and prejudgment interest

that may be ordered in the future against any other defendant or relief defendant in this case, up to the amount ordered against those defendants and relief defendants.

Nanotech Finance shall pay disgorgement of ill-gotten gains in the amount of $652,061 and prejudgment interest, in an amount to be determined, and that Nanotech Finance is jointly and severally liable for this amount with Nanotech.

3 Dragons shall pay disgorgement of ill-gotten gains in the amount of $482,651.11 and prejudgment interest, in an amount to be determined, and that 3 Dragons is jointly and severally liable for this amount with Nanotech.

Given the amount of time that has passed since the motion was filed and the docketing of this Order, plaintiff shall file notice by **April 7, 2023** advising the Court of the prejudgment interest owed by defendant and relief defendants, after which the Court will enter Final Judgement including an order for payment of the specific amounts of prejudgment interest.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: March 29, 2023